# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| Derrick Lately, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| 1st Franklin Financial Corporation, a domestic corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, DERRICK LATELY, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Carrolton, Carroll County, Georgia.

4. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Carrolton, Carroll County, Georgia.

6. The Defendant to this lawsuit is 1st Franklin Financial Corporation ("1st Franklin Financial") which is a foreign corporation that conducts business in the State of Georgia.

7. Equifax Information Services, LLC ("Equifax") is not a party to this suit as Plaintiff and Equifax have settled separately.

## GENERAL ALLEGATIONS

8. 1st Franklin Financial is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $224.00 on Plaintiff's Equifax credit disclosure.

9. The account reflected by the Errant Tradeline was closed by 1st Franklin Financial. Plaintiff no longer has an obligation to make monthly payments to 1st Franklin Financial. Defendant closed the account. Hence, the entire balance

is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

10. The Errant Tradeline should be reported by 1st Franklin Financial with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

11. On February 4, 2020, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount

12. On or about March 16, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

13. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed. Plaintiff no longer has an obligation to make monthly payments 1st Franklin Financial. Accordingly, Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

14. Equifax forwarded Plaintiff's consumer dispute to 1st Franklin Financial.

15. 1st Franklin Financial received Plaintiff's consumer dispute from Equifax.

16. 1st Franklin Financial did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. In response to Plaintiff's dispute, 1st Franklin Financial verified to Equifax that its reporting of its Errant Tradeline was accurate.

18. Plaintiff had not received Equifax's investigation results. Therefore, on April 24, 2020, Plaintiff obtained his Equifax credit disclosure, which showed that 1st Franklin Financial failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY 1st FRANKLIN FINANCIAL**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, 1st Franklin Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. 1st Franklin Financial negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

23. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

24. As a direct and proximate cause of 1st Franklin Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. 1st Franklin Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against 1st Franklin Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant 1st Franklin Financial for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY 1ST FRANKLIN FINANCIAL**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, 1st Franklin Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

29. 1st Franklin Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of 1st Franklin Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. 1st Franklin Financial is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant 1st Franklin Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 21, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Derrick Lately*